**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4909**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DERRICK LAMONT WILSON,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:10-cr-00448-CCE-3)

———————

Submitted:  June 14, 2012            Decided:  June 19, 2012

———————

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Graham Tod Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lamont Wilson appeals from his conviction and 171-month sentence imposed after he pleaded guilty to conspiracy to distribute 280 grams or more of cocaine base. Wilson's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but raising whether Wilson's sentence was substantively reasonable. We affirm.

Wilson's Sentencing Guidelines range was 262 to 327 months of imprisonment. Counsel argued for a downward variance to the statutory minimum of 240 months before applying a thirty-five percent reduction sought by the Government for substantial assistance. The court declined Wilson's request for a variance sentence and instead placed him at the low-end of the Guidelines range.

This court reviews a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The substantive reasonableness of the sentence is determined by "tak[ing] into account the totality of the circumstances." Id. at 51. If the sentence imposed is within the appropriate Guidelines range, this court may consider it presumptively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured

2

against the [18 U.S.C. §] 3553(a) [2006] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Because the district court imposed a within-Guidelines sentence, it is deemed by this court to be presumptively reasonable. See Mendoza-Mendoza, 597 F.3d at 216. Wilson has not rebutted that presumption. Therefore, the district court committed no reversible substantive error in sentencing Wilson to 171 months' imprisonment.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Wilson's conviction and sentence. This court requires that counsel inform Wilson, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED